IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEX PERRY NEAL, | ) |
|                Plaintiff, | ) |
| vs. | ) No. 3:19-CV-02908-N-BH |
| ROBERT D. BURNS, III, Chief Justice, | ) |
|                Defendant. | ) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant findings and applicable law, the case should be **DISMISSED**.

**I. BACKGROUND**

Alex Perry Neal (Plaintiff) sues the Chief Justice of the Fifth District Court of Appeals of Texas, individually and in his official capacity, and the State of Texas (collectively Defendants) under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA); 28 U.S.C. § 753; the Texas Rules of Appellate Procedure, and various federal criminal statutes. (doc. 3 at 3-4; doc. 8 at 2-4; doc. 15 at 2.)[2] He alleges that Defendant "improperly denied [his] right to public information related to a trial court record on appeal ... most likely because he was conspiring in malicious criminal activity allegedly committed by [a] Collin County Judge." (doc. 3 at 4; *see also* doc. 8 at 5.)  The trial court record appears to relate to criminal proceedings against Plaintiff in the 296th District Court of Collin County, Texas. (doc. 3 at 5-6.)  He seeks either the complete Reporter's Record for case No. 199-83919-2018 in the 296th District Court or for cause no. 05-19-00753-CR in the Fifth District Court

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

of Appeals Dallas, or monetary damages.  (doc. 3 at 4; doc. 8 at 2, 6; doc. 15 at 2.)  No process has been issued in this case.

## II. PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if found to be frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune to such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id*.

## III.  28 U.S.C. § 1361

Because Plaintiff seeks to compel Defendants to provide him trial or appellate court records, his complaint may be liberally construed as seeking a writ of mandamus under 28 U.S.C. § 1361.[3]

Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency

---

[3]Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). It "is an extraordinary remedy for extraordinary causes." *In re Corrugated Container Antitrust Litig. v. Mead Corp.*, 614 F.2d 958, 961-62 (5th Cir.1980) (internal citations and quotations omitted). Federal district courts do not have the power to issue a writ of mandamus against state courts, officers or agencies. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir.1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275–76 (5th Cir.1973) (federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought).

To the extent Plaintiff seeks mandamus relief to compel Defendants to provide him trial or appellate court records, his claim should be dismissed as frivolous or for failure to state a claim.

### IV. FOIA

Plaintiff expressly sues under FOIA.

FOIA embodies a philosophy of full disclosure by government agencies and requires them to make their records available to the public. 5 U.S.C. § 552; *Halloran v. Veterans Admin.*, 874 F.2d 315, 318 (5th Cir. 1986). Many of these records must be published in the Federal Register; the rest may be requested from an agency. 5 U.S.C. § 552(a). Upon receipt of a request for records, an agency must make the requested records promptly available to the requesting party, unless the records fall under one of nine exemptions listed in the FOIA. *Id.* § 552(a) & (b). The agency must

disclose any "reasonably segregable portion of a record" after deletion of the exempt portion of the record. *Batton v. Evers*, 598 F.3d 169, 178 (5th Cir. 2010) (citing *id*. § 522(b)). If an agency improperly withholds agency records, a district court has jurisdiction to enjoin it from withholding those records and to order their production. 5 U.S.C. § 552(a)(4)(B); *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 143 (1989). An agency record is "improperly" withheld if it does not fall within one of the nine exemptions enumerated in the FOIA. *See Tax Analysts*, 492 U.S. at 150–51. An agency has the burden of proving that particular documents or portions thereof are exempt from disclosure. *Sharyland Water Supply Corp. v. Block*, 755 F.2d 397, 398 (5th Cir. 1985).

FOIA applies only to documents under the control of federal agencies, not state agencies. *Wells v. State Attorney Generals of La.*, 469 F. App'x 308, 309 (5th Cir. 2012) (per curiam) (citing FOIA); *Wright v. Curry*, 122 F.App'x 724, 725 (5th Cir. 2004) (per curiam) (citing FOIA); *Coleman v. CCI*, No. 3:17-cv-1866-D-BN, 2017 WL 3530596, at *1 (N.D. Tex. July 18, 2017) (collecting cases), *recommendation adopted*, 2017 WL 3531532 (N.D. Tex. Aug. 16, 2017). Because Plaintiff does not allege that court records he seeks are in the control of a federal agency, he fails to state a claim upon which relief may be granted under FOIA.

### V. 28 U.S.C. § 753

Plaintiff also expressly sues under 28 U.S.C. § 753.

Section 753(a) provides that federal district courts "shall appoint one or more court reporters." 28 U.S.C. § 753(a). Paragraph (f) provides:

> Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by

>   the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

28 U.S.C. § 753(f). This

Section 753, also known as "The Court Reporters Act," does not create a private cause of action for its enforcement or for monetary relief. *Horan v. Wilcox & Fetzer Ltd.,* 153 F. App'x 100, 101–102 (3d Cir. 2005). As the Third Circuit Court of Appeals explained:

>   Section 753 does not create or imply a right of action for individuals to support a federal question cause of action under Section 1331. There is no language in the statute indicating that Congress intended to create or alter any civil liabilities for a violation of Section 753. Further, Congress expressly provided judicial means for enforcing compliance with the Act. See 28 U.S.C. § 753(c) ("The reporters shall be subject to the supervision of the appointing court and the Judicial Conference in the performance of their duties, including dealings with parties requesting transcripts.")

*Id.* at 102. Because the Court Reporters Act expressly applies to federal district courts and does not create a private cause of action, Plaintiff fails to state a claim upon which relief may be granted under this statute.

## VI. 25 C.F.R. § 11.448

Plaintiff also sues for abuse of office under 25 CFR § 11.448.

Section 11.448 of the Code of Federal Regulations, entitled "Abuse of Office," provides:

>   A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor if, knowing that his or her conduct is illegal, he or she:
>
>   (a) Subjects another to arrest, detention, search, seizure, mistreatment, dispossession,

5

>    assessment, lien or other infringement of personal or property rights; or
>
>    (b) Denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

25 C.F.R. § 11.448. This section is "part of 25 C.F.R. Part 11, the 'Courts of Indian Offenses and Law and Order Code,' [which] applies to members of Native American tribes that the Federal Government recognizes as eligible for Bureau of Indian Affairs services 'and any other individual who is an 'Indian' for the purposes of 18 U.S.C. 1152–1153.'" *Boquist v. Oregon State Senate*, 432 F.Supp.3d 1221, 1230 (D.Or. 2020), *appeal filed*, No. 20-35080, (9th Cir. Feb. 3, 2020). It criminalizes abuse of office that occurs on Native American land. *Taverna v. Palmer Township*, No. 5:20-cv-0812-JDW, 2020 WL 5554387, at *4 (E.D. Pa. Sept. 16, 2020) (citing 25 C.F.R. §§ 11.102, 448); *see also Ellawendy v. Department of the Army*, No. 21-cv–05273-NC, 2021 WL 3478208, at *1 (N.D. Cal. July 14, 2021)("The regulations in Title 25 apply to areas and tribes in Indian Country.")(citing 25 CFR §§ 11.104, 11.448). Section 11.448 does not create an express private right of action. *Id.*

Notwithstanding Plaintiff's failure to allege that he is a member of a Native American tribe or that the actions of which he complains took place on Native American land, he fails to state a claim upon which relief may be granted under this regulation.

### VII. CRIMINAL STATUTES

Plaintiff also expressly sues under various federal criminal statutes.

Violations of criminal statutes do not give rise to a private cause of action. *See Hanna v. Home Insurance Co.*, 281 F.2d 298, 303 (5th Cir.1960), *cert. denied*, 81 S.Ct. 751 (1961). For this reason, Plaintiff's claims under "[t]he sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies." *Id.*; *see also Fierro v. Robison*, 405 F. App'x 925,

926 (5th Cir. 2010) (holding that § 241 does not provide a private cause of action); *Pham v. Tex. State Bd. of Dental Exam'rs*, No. A-17-CV-1008 RP, 2018 WL 3978371, at *2 n.2 (W.D. Tex. Aug. 17, 2018) (recognizing that there is no private right of action under 18 U.S.C. § 1001 because it is a criminal statute); *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) ("Private citizens do not have the right to bring a private action under a federal criminal statute.") (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). "[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion;" private citizens have "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. State of Texas*, 153 F.App'x 261, 262–63 (5th Cir. 2005) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) and *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007) (private party may not enforce criminal statutes through a civil action).

To the extent his claims are based on alleged violations of federal criminal statutes, Plaintiff fails to state a claim upon which relief may be granted.

### VIII.  42 U.S.C. § 1983

Because Plaintiff alternatively seeks monetary damages, his claims may also liberally construed as arising under 42 U.S.C. § 1983. It "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id*. To state a claim, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state

7

law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A.     Eleventh Amendment Immunity

In addition to the State of Texas, Plaintiff appears to sue Chief Justice in his official capacity. An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The State of Texas is the real party in interest when the plaintiff seeks relief that would be provided by the state. *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (citing *Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir.), *cert. denied*, 474 U.S. 1037 (1985)) (citing *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 101 & n. 11 (1984)). Any suit against Chief Justice in his official capacity or as an officer of the State of Texas is therefore a suit against the State. *See id.; see also Kentucky*, 473 U.S. at 165; *Freedom from Religion Foundation, Inc. v. Mack,* 4 F.4th 306, 311 (5th Cir. 2021).

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction confers an immunity from the suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal

8

court); *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per curiam) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).

Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hines v. Miss. Dep't of Corr.*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam).[4] Additionally, "Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a). *Roberson*, 2005 WL 2673516, at *1 (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002)).

Plaintiff's alternative claims for monetary damages against the State of Texas and the Chief Justice in his official capacity based on the failure to provide him trial or appellate court records are barred by Eleventh Amendment immunity and should be dismissed without prejudice.[5]

**B.    Judicial Immunity**

Plaintiff also appears to sue the Chief Justice in his individual capacity.

The Supreme Court has recognized absolute immunity for judges acting in the performance

---

[4] In *Freedom from Religion, Inc.*, the Fifth Circuit also noted that suits against the State of Texas under § 1983 are also "doubly dismissible because the State is not a 'person' under that statute." 4 F.4th at 311.

[5] Claims barred by sovereign immunity can only be dismissed for lack of subject matter jurisdiction "and not with prejudice." *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).

9

of their judicial duties. *See Nixon v. Fitzgerald*, 457 U.S. 731, 745–46 (1982). Judges are immune from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Allegations of bad faith or malice do not overcome judicial immunity. *Id*. at 11. A plaintiff can overcome the bar of judicial immunity only under two very limited circumstances. *See Mireles*, 502 U.S. at 11–12; *see also Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). First, a judge is not immune from suit for actions that are not "judicial" in nature. *See Mireles*, 502 U.S. at 11. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Davis v. Tarrant County, Tex.*, 565 F.3d 214, 222 (5th Cir. 2009) (quoting *Mireles*, 502 U.S. at 12). "[T]he relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.' In other words, [a court should] look to the particular act's relation to a general function normally performed by a judge . . . ." *Id*.

> [The Fifth Circuit] has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. These factors are broadly construed in favor of immunity.

*Davis*, 565 F.3d at 222–23 (citations omitted). "'The absence of one or more factors will not prevent a determination that judicial immunity applies.'" *Thomas v. State*, 294 F. Supp. 3d 576, 600 (N.D. Tex. 2018)(quoting *Carter v. Carter*, No. 3:13-CV-2939-D (BF), 2014 WL 803638, at *1 (N.D. Tex. Feb. 20, 2014) (in turn citing *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005)). Second, a judge is not immune from suit for actions that although judicial in nature, are taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 12; *see also Malina v. Gonzales*, 994 F.2d 1121,

1124 (5th Cir. 1993).

Here, Plaintiff alleges that the Chief Justice has failed to provide him with the appellate court record. Because the alleged conduct was within the scope of his judicial duties, the Chief Justice is entitled to judicial immunity from any federal claims against him in an individual capacity for failing to provide the appellate record.[6] He is also entitled to judicial immunity on any state claims asserted against him under the state rules of procedure because even assuming for purposes of screening that such claims exist, "'Texas courts employ the same judicial immunity analysis as the federal courts in this Circuit[.]'" *See Thomas*, 294 F. Supp. 3d at 601 (quoting *Durrance v. McFarling*, No. 4:08-CV-289, 2009 WL 1577995, at *3 (E.D. Tex. June 4, 2009) (in turn citing *Hawkins v. Walvoord*, 25 S.W.3d 882, 890 (Tex. App.—El Paso 2000, pet. denied)); *see also Sharp v. Palmisano*, No. 16-5429, 2013 WL 5969661, at *4 (E.D. La. Nov. 8, 2013) (citing *Hawkins*, 25 S.W.3d at 890) (recognizing that Texas' judicial immunity principles mirror the federal judicial immunity doctrine).

## IX. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*,

---

[6] Although Plaintiff's complaint alleges that the Chief Judge "most likely" denied him the record because he "was conspiring in malicious criminal activity allegedly committed by [a] Collin County Judge", he does not appear to have pleaded a conspiracy under § 1983. To state a conspiracy claim under § 1983, a plaintiff must allege facts to support "(1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds as recognized by Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992). Even if so construed, however, a bald allegation that a conspiracy exists, unsupported by any factual allegations, is insufficient to state claim. *Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987); *see also Green v. State Bar of Tex.*, 27 F.3d 1083, 1089 (5th Cir. 1994) (stating that a plaintiff is required to allege facts sufficient to suggest an agreement among one or more parties).

11

No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint.").

Because Plaintiff has responded to two questionnaires, and his alternative claims for monetary damages against the defendants are barred by Eleventh Amendment immunity, it appears that he has pled his best. No further opportunity to amend his complaint to sufficiently state a claim for relief is warranted.

## X. RECOMMENDATION

Plaintiff's alternative claims for monetary damages against the State of Texas and the Chief

Justice in his official capacity are barred by Eleventh Amendment immunity and should be **DISMISSED** without prejudice. The remainder of his claims should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous or for failure to state a claim upon which relief may be granted.

**SO RECOMMENDED** on this 29th day of December, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the dispute determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE